IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| EMANUEL JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 120-022 |
| | ) | |
| RICHMOND COUNTY SHERIFF DEPT., | ) ) | |
| | ) | |
| Defendant. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Plaintiff is proceeding *pro se* and *in forma pauperis* ("IFP"). Because he is proceeding IFP, Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*).

**I.    SCREENING THE COMPLAINT**

    **A.    BACKGROUND**

Plaintiff names the Richmond County Sheriff's Department ("RCSD") as the sole Defendant. (Doc. no. 1, pp. 1, 2.) Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

Plaintiff alleges during "different time frames" in June and August of 2019, he was falsely arrested and accused of crimes he did not commit. (Id. at 4.) The "Sheriff Dept." also harassed Plaintiff by telling him to leave both Augusta and the state of Georgia. (Id.) Plaintiff specifically identifies only one incident on August 11, 2019, where an officer tried

to arrest Plaintiff by falsely claiming Plaintiff had run away from the officer the previous day. (Id. at 7.) Plaintiff denied running away from the officer, stated he had not committed crimes, and asked the officer to show him video proof he had run away. (Id. at 8.) The officer refused, even though Plaintiff's research suggests the officer was supposed to have a body camera running while conducting official business. (Id. at 8-9.)

Plaintiff then alleges he had to serve an unspecified amount of time in jail, even though he was merely trying to be a good Samaritan and pick up trash in the area where the officer accused him of running away. Plaintiff was not read his Miranda rights when he was arrested, and his personal property he had stored at a business was stolen while he was in jail. (Id. at 10.) Plaintiff does not provide any details about who actually arrested him, by what authority he was arrested (with or without a warrant), what charges may have been lodged against him, or how much time he spent in jail.

On a different, unspecified occasion, Plaintiff called to report the theft of his personal travel bag from a Suntrust Bank, and an "officer" told him that an investigator would look into his case. (Id.) No one ever called Plaintiff about his missing travel bag, and when he checked with the bank, officials there told him no one from Richmond County had contacted them about a missing bag. (Id. at 11.) When Plaintiff eventually spoke with the unidentified investigator, he was told nothing could be done because no one wanted to take the case. (Id.) Plaintiff seeks $50,000 in damages. (Id. at 5.)

**B.  DISCUSSION**

    **1.  Legal Standard for Screening**

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a

defendant who is immune to such relief.  See 28 U.S.C. § 1915(e)(2)(B).  A claim is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)."  Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the amended complaint must "state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555.  While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Iqbal, 556 U.S. at 678.  The complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'"  Id. (quoting Twombly, 550 U.S. at 555, 557).  In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'"  Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney.  Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, this liberal construction

does not mean that the Court has a duty to re-write the complaint.  Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff Fails to State a Claim Upon Which Relief May Be Granted

RCSD is not a proper party because sheriff's departments are not legal entities capable of being sued.  See Herrington v. Effingham Cty. Sheriff's Office, CV 411-099, 2011 WL 2550464, at *1 (S.D. Ga. Apr. 21, 2011) (citing Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992)) ("However, [Plaintiff] cannot sue the sheriff's department because it is not capable of being sued."), *report and recommendation adopted*, 2011 WL 2550459 (S.D. Ga. June 27, 2011); Smith v. Dekalb Cty. Sheriff's Office, Civil Action No. 1:09-CV-2820-TWT, 2010 WL 308984, at *2 (N.D. Ga. Jan. 22, 2010) (same); see also Bunyon v. Burke Cty., 285 F. Supp.2d 1310, 1328 & n.12 (S.D. Ga. 2003) (dismissing claim against police department, reasoning it was not legal entity subject to suit and recognizing prior dismissal of county sheriff's department "because it is not a legal entity amenable to suit.").  Further, appropriate parties for suit under § 1983 include "persons" who participated in the alleged violation.  See 42 U.S.C. § 1983 (subjecting only "persons" to liability); Ga. Insurers Insolvency Pool v. Elbert Cty., 368 S.E.2d 500, 502 (Ga. 1988) (limiting § 1983 liability to "(1) natural persons; (2) an artificial person (a corporation); and (3) such quasi-artificial persons as the law recognizes as being capable to sue" (citation omitted)).  In sum, RCSD is not subject to liability in this § 1983 lawsuit.  Luke v. Richmond Cty. Sheriff's Dep't, No. CV 113-013, 2013 WL 1758664, at *2 (S.D. Ga. Mar. 29, 2013), *report and recommendation adopted*, 2013 WL 1758670 (S.D. Ga. Apr. 24, 2013).

Moreover, to impose liability in a § 1983 case, there must be an allegation of the violation of a right secured by the Constitution of the United States by a person acting under

color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). At best, Plaintiff's only specific allegations involve verbal harassment, but verbal abuse alone does not state a constitutional claim. See Hernandez v. Fla. Dep't of Corr., 281 F. App'x 862, 866-67 (11th Cir. 2008) (*per curiam*) (citing Edwards v. Gilbert, 867 F.2d 1271, 1274 n.1 (11th Cir. 1989)). Plaintiff provides no details of the circumstances of his actual arrest, and the verbal comments he describes are insufficient to state a constitutional claim.

## II. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's complaint be **DISMISSED** for failure to state a claim upon which relief may be granted and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 3rd day of March, 2020, at Augusta, Georgia.

*/s/ Brian K. Epps*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA